IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY IFESINACHI EZEANI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-cv-02015-B-BT |
| § | |
| MELINDA H. REAGAN, President § | |
| of Amberton University, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* civil action, Plaintiff Gregory Ifesinachi Ezeani has filed a Motion for Default Judgment (ECF No. 10) against Defendant Melinda H. Reagan, President of Amberton University, as well as a Motion for Summary Judgment (ECF No. 12). Defendant Reagan has filed a Motion to Dismiss for Failure to State a Claim (ECF No. 13). For the following reasons, the District Court should DENY Ezeani's Motions and GRANT Reagan's Motion.

**Background**

This case arises out of a dispute over two degrees Ezeani pursued at Amberton University, a private Christian university located in Garland, Texas. Compl. 2, 8; Mot. Dismiss 1 (ECF No. 13). Ezeani alleges that in 2020 he was a graduate student enrolled at Amberton University seeking a Master of Science degree in Agile Project Management (the "APM Degree"). Compl. 6 (ECF No. 3). He reviewed Amberton's education catalogue and found that he could seek a

1

second Master's degree in Managerial Science (the "MS Degree") by applying certain credits earned while pursuing the APM Degree. Compl. 7. Ezeani contacted a university advisor who allegedly confirmed that Ezeani would not have to complete the full twenty-four credit requirement needed for the MS Degree, if Ezeani obtained an APM Degree from Amberton, due to duplicative requirements between the two Degrees. Compl. 7. Accordingly, Ezeani attempted to apply twelve of his APM Degree credits towards an MS Degree and then completed the remaining twelve credits for the MS Degree at Amberton. Compl. 7-8.

However, Ezeani encountered difficulties obtaining proof of his Degrees. In August 2022, while searching for a job, he received a transcript which omitted the conferral of the MS Degree. Compl. 8. In communications about the ostensible transcript error with his advisor, Ezeani states there was "racism and hate on a black man going on in the system because [the] student advisor [] contact[ed] the same people" that were involved in the graduation application process. Compl. 9. Ezeani contends Amberton "deleted" his MS Degree and, to date, has not restored the degree on his transcript. Compl. 9. He avers that Amberton's records should show that he completed both the APM and MS Degrees. Compl. 9.

On September 12, 2022, Ezeani filed suit against Reagan as President of Amberton University for violations of his Fifth, Eighth, and Fourteen Amendment rights. He seeks monetary relief of $50,000 for emotional suffering, and injunctive relief including conferral of a completed MS Degree and a correction in his academic transcript to reflect such conferral. Compl. 4.

Ezeani sought leave to proceed *in forma pauperis*, which the Court granted and then withheld service of process pending judicial screening. Order (ECF No. 6). On December 12, 2022, the Court ordered the United States Marshal to serve Reagan with a summons and copy of Ezeani's complaint pursuant to Fed. R. Civ. P. 4(c)(1). Order (ECF No. 7). The Court's Order provided that "[s]ummons shall be served **within 90 days** from the date of [the] order." *Id*. (emphasis added). However, on January 12, 2023, Ezeani filed his Motion for Default Judgment (ECF No. 10), and two weeks later, on January 25, 2023, Ezeani filed his Motion for Summary Judgment (ECF No. 12).

The Marshal served Reagan on January 5, 2023. *See* Return (ECF No. 11). Reagan filed her Motion to Dismiss for Failure to State a Claim (ECF No. 13) on January 26, 2023. Reagan also filed separate responses to Ezeani's Motion for Default Judgment and Motion for Summary Judgment (ECF Nos. 14, 15). Ezeani filed a motion to strike Reagan's motion to dismiss, which the Court denied, Order (ECF No. 18), but he did not file any substantive response to Reagan's motion to dismiss.

## Legal Standards

I. <u>Default Judgment</u>

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A

default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the Court for a default judgment. *Id.*

Default judgment is a drastic remedy, resorted to only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). However, it is a remedy generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A Charles Alan Wright & Arthur R. Miler, Federal Practice and Procedure § 2685 (4th ed.)). To determine whether to enter default judgment, courts examine: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright & Arthur R. Miler, Federal Practice and Procedure § 2685 (2d ed. 1983)).

II. <u>Rule 12(b)(6) Motion to Dismiss</u>

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule

12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.

1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

### III. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To be entitled to summary judgment on claims which the movant will bear the burden of proof at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 78 F. 2d 1190, 1194 (5th Cir. 1986)). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens

"by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

I. <u>Ezeani is not entitled to a Default Judgment or Summary Judgment against Reagan.</u>

Ezeani first moves for default judgment against Reagan. Mot. Default J. (ECF No. 10); Mot. Summ. J. (ECF No. 12). He states that "[t]he defendant has failed to defend or send out affidavit for time extension to the plaintiff and the

court explaining any extenuating circumstance that delays timely response for court consideration within 21 days of issue of the summon[s]." Mot. Default J. 1.

Under Rule 12, "[a] defendant must serve an answer [] within 21 days after being *served* with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i) (emphasis added). And when a party "serv[es] a motion under [Rule 12]," it extends the time to file an answer. Fed. R. Civ. P. 12(a)(4) (providing, for example, that "if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action").

In this case, the process receipt and return filed by the United States Marshal shows that it served Reagan on January 5, 2023. Process Receipt 1 (ECF No. 11). Thus, Reagan had until January 26, 2023—twenty-one days after January 5—to file her answer or a motion under Rule 12. Reagan timely filed her Rule 12(b)(6) Motion on January 26, 2023. Mot. Dismiss (ECF No. 13). Therefore, Ezeani has not shown that Reagan is in default. The Court should deny Ezeani's Motion for Default Judgment.

Ezeani also moves for summary judgment based solely on his belief that the alleged default "automatically closed the discovery so there is no further argument on the plaintiff['s] motion by the defendant rather than assessment of injury inflicted on the plaintiff." Mot. Summ J. 1. As discussed, Reagan is not in default. Therefore, Ezeani is not entitled to summary judgment based on any default. Ezeani also fails to establish beyond peradventure any of the essential elements of

8

his claims under the Fifth, Eighth, or Fourteenth Amendment. Thus, the Court should deny Ezeani's Motion for Summary Judgment.

  II. <u>The Court should grant Reagan's Motion to Dismiss because Reagan is not a state actor.</u>

Ezeani asserts claims against Reagan for violations of his Fifth, Eighth, and Fourteen Amendment rights. Because 42 U.S.C. § 1983 provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws, *Albright v. Oliver*, 510 U.S. 266, 271 (1994), the Court construes Ezeani's claims as arising under § 1983. Reagan similarly construes Ezeani's claims as arising under § 1983 and moves to dismiss those claims because she is not a state actor who can be held liable for constitutional violations. Mot. Dismiss 3-4 (ECF No. 13).[1]

To state a claim under § 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. Only "state actors" may be sued for federal civil rights violations. Private parties become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing *Lugar*, 457 U.S. at 937) ("Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983."). The phrase "fairly attributable to the State"

---

[1] Reagan also moves under 28 U.S.C. § 1915(e) to assert that the claims are frivolous, but "implicit in [a judge's] decision to serve Defendants is a finding that the claims against them are not frivolous." *Hurd v. Doe*, 2002 WL 32332785, at *1 (N.D. Tex. Nov. 6, 2002), *adopted by* 2003 WL 21640569 (N.D. Tex. July 10, 2003).

means (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937.

Ezeani provides no factual basis supporting any inference that Reagan is a state actor or acting under color of state law. There are no allegations to plausibly infer that any of Reagan's alleged actions were on behalf of a state entity, or that any of her actions are fairly attributable to a state actor. Therefore, he fails to state any cognizable claims under § 1983. Accordingly, the Court should grant Reagan's Motion to Dismiss.

## Recommendation

For the reasons stated, the Court should DENY Plaintiff Gregory Ifesinachi Ezeani's Motion for Default Judgment (ECF No. 10) and DENY his Motion for Summary Judgment (ECF No. 12). The Court should GRANT Defendant Melinda H. Reagan's Motion to Dismiss (ECF No. 13).

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL

789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Here, Ezeani failed to respond to Reagan's substantive arguments and has not asked for leave to amend his complaint. He fails to give any indication of what material facts he might include in an amended complaint that would state a claim for relief. Indeed, it is difficult to perceive of any viable claim that Ezeani could assert against Reagan in an amended complaint. Therefore, the Court should dismiss Ezeani's claims, with prejudice, and not grant him leave to amend his complaint.

**SO RECOMMENDED.**

March 29, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).